In the Matter of Eugene and Caroline A. KALINOWSKI, Debtors.

Manuel RAIMI and Roger Schaffer, Plaintiffs,

v.

Eugene and Caroline A. KALINOWSKI, Defendants.

Bankruptcy No. 82–628.
Adv. No. 82–462.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 3, 1983.

Langfred W. White, Tampa, Fla., for plaintiffs.

Shirley A. Arcuri, Tampa, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding commenced by the Plaintiffs Manuel Raimi (Raimi) and J. Roger Schaffer (Schaffer). The matter presented for the Court's consideration is the dischargeability, vel non, of a debt in the amount of $8,500 owed to Raimi and Schaffer by Eugene Kalinowski and Caroline A. Kalinowski, the Debtors in the above-styled Chapter 7 liquidation case.

The Debtors obtained a loan in the amount of $8,500 from the Plaintiffs which was secured by a mortgage on the Debtors' homestead. The Complaint alleges that the Debtors warranted, in both the loan agreement and a title affidavit, that the real property was free of encumbrances except for a tax lien and a first mortgage. It is further alleged that the Debtors knew and failed to reveal that another mortgage lien existed and that the Plaintiffs advanced the loan in reliance on the representations in the loan application and title affidavit.

The Court heard argument of counsel, received testimony and being otherwise duly advised in the premises, finds the facts relevant to the resolution of this controversy as follows:

The Debtors, Mr. and Mrs. Kalinowski, obtained a loan for $7,000 from Tampa Bay Mortgage Co. (Tampa Bay) in 1979 and gave Tampa Bay a second mortgage on their homestead. In May of 1980, Mr. Kalinowski received a letter from William H. Duckworth claiming that the second mortgage had been assigned from Tampa Bay to William Duckworth and that payments were henceforth due and owing to Duckworth rather than Tampa Bay. Mr. Kalinowski, upon receipt of the letter, consulted Mr. Ron McCroe, his brother-in-law and owner of Tampa Bay, who advised the Debtor that the assignment was invalid, no monies were due to Duckworth and any monies owing remained due to Tampa Bay.

In September of 1980, Mr. Kalinowski sought a loan from the Plaintiffs, who were then employers of the Debtor. Mr. Kalinowski disclosed the existence of both the first and second mortgages on the homestead but failed to mention the Duckworth assignment believing it to be invalid. When the Debtor was advised by the Plaintiffs that they would not take third position, the Debtor obtained a satisfaction of mortgage from Tampa Bay for no consideration and gave the release to the Plaintiffs for recording. It should be noted that the Duckworth assignment was recorded in the Public Records of Hillsborough County, Florida on May 5, 1980, but neither the Debtor nor the Plaintiffs checked the public record prior to the September, 1980 transaction. Before the final hearing in this matter, the Plaintiffs purchased the Duckworth mortgage for $700, a price considerably lower than the face amount allegedly owing.

At the conclusion of the Plaintiffs case, the Debtor moved to dismiss the complaint for failure to prove a cause of action against the Debtors. The Court granted the motion as to Mrs. Kalinowski because the evidence clearly revealed that she had no meaningful involvement in the transaction, however, the motion as to Mr. Kalinowski was denied.

**116**

Section 523(a)(2)(A) of the Bankruptcy Code, in pertinent part, provides:

(a) A discharge under § 727, 1141, or 1328(b) . . . does not discharge an individual from any debt—

(2) for obtaining money, property, . . . by—

(A) false pretenses, a false representation or actual fraud . . .

 As a general rule, the Courts in determining the dischargeability of a debt pursuant to § 523(a)(2)(A) have applied a five part test. *In re Valley,* 21 B.R. 674, 679 (Bkrtcy.Mass.1982); *In re Brewood,* 15 B.R. 211, 8 B.C.D. 483 (Bkrtcy.D.Kan.1981). In order for a debt to be declared non-dischargeable there must exist a false representation by the debtor which is known to be false and which was made with the intent to deceive the creditor. Further, the creditor must have reasonably relied upon the false representation and sustained a loss as the result. *In re Valley, supra* at 679; *In re McKinney,* 18 B.R. 607, 610 (Bkrtcy.M. D.Ga.1982). Finally, the creditor, seeking a determination that the debt is non-dischargeable, has the burden of proving the alleged false pretenses, false representation or actual fraud, by clear and convincing evidence. *In re Newmark,* 20 B.R. 842, 853 (Bkrtcy.E.D.N.Y.1982); *In re Wise,* 6 B.R. 867, 869, 7 B.C.D. 131 (Bkrtcy.M.D.Fla. 1980).

 An examination of the record reveals that the Plaintiffs have failed to carry their burden for the following reasons:

First, the Debtor was advised by Mr. Ron McCroe that the assignment of the Tampa Bay mortgage to Mr. Duckworth was invalid and he subsequently obtained a satisfaction of that mortgage from Mr. McCroe. There was no showing by the creditors that the Debtor had the requisite legal knowledge to know the actual status of the assignment or its impact on the transactions between the Plaintiffs and the Debtor. Neither was there a showing of an actual intent on the part of the Debtor to either mislead or defraud.

It must be noted that the assignment by Tampa Bay to Duckworth was a matter of public record prior to this loan transaction and an examination by the creditor would have revealed the existence of the liens. Further, the Plaintiffs were advised by counsel not to complete the transaction without title insurance.

The Court finds that there was no intentional misrepresentation on the part of the Debtor, and any reliance upon the agreement or affidavit by the Plaintiffs, who were advised by counsel not to act and who failed to examine the public records, is unreasonable.

A separate final judgment will be entered in accordance with the foregoing.