In re Alfred SALVATORE, Jr., Rhonda Salvatore, d/b/a Rhonda's Hair Salon, Debtors.

Americo BUCO and Rosemarie Buco, Plaintiffs,

v.

Alfred SALVATORE, Jr. and Rhonda Salvatore, Defendants.

Bankruptcy No. 8300209.
Adv. No. 830139.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 19, 1983.

---

---

## ORDER DENYING MOTION
## TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted on memoranda, on the motion of Alfred and Rhonda Salvatore to dismiss the plaintiffs' complaint for failure to state a claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure concerning motions to dismiss applies to all adversary proceedings. Bankruptcy Rule 7012(b). Under that rule, the material allegations of the complaint are taken as admitted and the complaint may be dismissed if it is clearly without merit. A complaint should not be dismissed for insufficiency, however, "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 12.08 (2d ed. 1983).

Based on a review of the pleadings, memoranda and applicable law, the motion is denied.

The plaintiffs, Americo and Rosemarie Buco, filed their amended complaint for relief from the automatic stay and to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A). In order to have a debt declared nondischargeable the Bucos must show that:

> there ... exist[s] a false representation by the debtor which is known to be false and which was made with the intent to deceive the creditor. Further, the creditor must have reasonably relied upon the false representation and sustained a loss as a result. (citations omitted.)

*Raimi v. Kalinowski (In re Kalinowski),* 27 B.R. 114, 116 (Bkrtcy.M.D.Fla.1983); 3 Collier on Bankruptcy ¶ 523.08 (15th ed.). The complaint alleges that the Salvatores sold a house to the Bucos after intentionally and knowingly making false representations concerning the yield of water from the well which served the premises. The complaint also alleges that as a result of said representations, the Bucos purchased property which was not marketable, that they were required to expend money to correct the water deficiency, and suffered other damages.

The Salvatores argue in their Memorandum in Support of Motion to Dismiss that "there was no reasonable reliance thereon by the Plaintiffs upon any such misrepresentation, and ... there was no intentional wrong such as concealment of a defective condition, and in fact no such allegations could be made by Plaintiffs in good faith." (Defendants' Memorandum at 6.) These contentions raise issues of fact. The allegations in the complaint, taken as admitted, state that there was an intentional misrepresentation which resulted in a loss to the plaintiffs. The issue of reasonable reliance is in dispute—the Salvatores argue that the Bucos' failure to have a standard home inspection constitutes unreasonableness. The plaintiffs contend, however, that they had no experience with wells, and relied on the representation that the Salvatores had lived in the house and used the well for several years. These are all issues of fact. Because it does not appear that the plaintiffs would not be entitled to relief under any state of facts which could be proved in support of the claim, the Motion to Dismiss must be denied. Order accordingly.